Dwight MASON, Appellant,

v.

Steven PINCHAK;  the Attorney General
of the State of New Jersey, Peter Ver-
niero;  Mary Keating Disabato, Chair-
man, State Parole Board.

Paul Auge, Appellant,

v.

Willis Morton;  Peter Verniero, the
Attorney General of the State
of New Jersey.

Nos. 97–5716, 00–1793.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) July 17, 2003.

Decided Aug. 13, 2003.

Before McKEE, BARRY, Circuit
Judges and WEIS, Senior Circuit Judge.

## OPINION OF THE COURT

PER CURIAM.

Dwight Mason appeals the district court's order denying his request for habeas corpus relief. *Mason v. Pinchak,* No. 96–5628 slip. op. (D.N.J. July 17, 1997). In a separate case raising substantially the same issues, Paul Auge also appeals a district court's order denying habeas relief. *Auge v. Willis Morton and John J. Farmer, Jr.,* No. 97–2931 slip. op. (D.N.J. May 17, 2000). These cases have been consolidated for appeal. For the reasons that follow, we will affirm both decisions.[1]

### I.

Dwight Mason argues that the district court erred in rejecting his contention that the New Jersey Parole Board violated the ex post facto clause of the United States Constitution by applying the standards of the New Jersey Parole Act of 1979 (N.J.S.A. 30:4–123.45 *et seq.*) to his parole application. Specifically, Mason argues that because he was convicted of first degree murder in 1977, the New Jersey Parole Act of 1948 (N.J.S.A. 30:4–123.14 (Repealed)) applied to him. He argues that rather than a twenty-five year future eligibility term ("FET"), as was imposed under the 1979 Act,[2] he "had a legitimate expectation that he would receive a three year 'hit' " or three year term before his next parole review under the 1948 Act. Mason contends that the difference between the three years he "legitimate[ly] expect[ed]" to receive as an FET under the 1948 Act and the twenty-five years he actually received under the 1979 Act amounted to additional punishment in violation of the ex post facto clause. Finally, Mason argues

that his due process rights were also violated by the New Jersey Parole Board because it arbitrarily denied his application for parole by basing its determination on findings that the punitive aspects of his sentence had not been satisfied.

### II.

Paul Auge puts forth the same argument regarding the ex post facto clause and the parole regulations. He claims that the application of the 1979 Parole Act to his 1975 murder conviction has worked an ex post facto violation on him. Like Mason, Auge argues that the New Jersey Parole Board's imposition of a fifteen year FET under the 1979 Act, rather than his "legitimate expectation" that he would receive a three year FET under the 1948 Act amounts to additional punishment in violation of the ex post facto clause. Auge also contends that the Parole Board arbitrarily denied parole based on its findings that the punitive aspects of his sentence had not been satisfied, its consideration of his prior convictions for escape, larceny and carrying a dangerous weapon, and its failure to place significant weight on his lack of institutional charges since November 1987.

### III.

"In a federal habeas corpus proceeding, we exercise plenary review over the district court's legal conclusions and apply a clearly erroneous standard to the court's factual findings." *Rios v. Wiley,* 201 F.3d 257, 262 (3d Cir.2000). We begin by recognizing that "[w]hen confronted with the claim that a parole law has worked an ex post facto violation on an

---

1. Inasmuch as we write only for the parties, we need not recite the factual or procedural background of these cases, except as may be helpful to our disposition.

2. A future eligibility term sets the next date upon which an inmate will be eligible for parole.

inmate, a court must compare the allegedly offensive parole law with the parole law in effect at the time of the inmate's crime." *Royster v. Fauver*, 775 F.2d 527, 533 (3d Cir.1985) (citing *United States ex rel. Forman v. McCall*, 709 F.2d 852, 856 (3d Cir.1983)). The court must "ask whether the parole standards of the newer act are more rigorous or burdensome than were the standards of the older one." *Id.* (citing *Geraghty v. United States Parole Commission*, 579 F.2d 238, 264 (3d Cir.1978)). Application of the newer, more rigorous standards to an inmate can result in an ex post facto clause violation. *Id.*

As the district court recognized in both Mason's case and Auge's case, *Royster* rejected the very issue raised here. In *Royster* we decided whether the application of the Parole Act of 1979 to an inmate convicted and sentenced while the Parole Act of 1948 was still in effect was a violation of the ex post facto clause. *Id.* at 533. Relying on the New Jersey Supreme Court's decision in *In re Trantino*, 89 N.J. 347, 446 A.2d 104 (1982), we recognized that under both the 1948 and 1979 statutes, "the Parole Board and reviewing court must consider recidivism and 'welfare of society,' or punitive aspects" in determining parole eligibility. *Id.* We concluded: "[c]omparison of the acts' standards thus yields no ex post facto problems." *Id.* In both of these consolidated cases, it is clear that each district court correctly applied the principles set forth in *Royster* in resolving the issues before it. As *Royster* made clear, applying the 1979 Parole Act to an inmate convicted and sentenced while the 1948 Parole Act was still in effect presents no ex post facto

problem under the circumstances of either Mason's or Auge's appeal.

▬ Similarly, the claim that the Parole Board acted arbitrarily in denying parole in part by looking at the punitive aspects of a sentence is without merit. As each district court recognized in its discussion of *Royster*, there is "no constitutional violation in considering the punitive aspects of a sentence imposed prior to the enactment of the 1979 Act." *Auge v. Morton*, No. 97–2931 slip. op. at 15 (D.N.J. May 17, 2000); *see also Mason v. Pinchak*, No. 96–5628 slip. op. at 5–6 (D.N.J. July 17, 1997).[3] Accordingly, we will affirm both decisions of the district court.

---

**3.** We also note that Auge's argument regarding the Parole Board's allegedly inappropriate consideration of his criminal history and institutional behavior is without merit. The Board is authorized to consider such factors

pursuant to N.J.A.C. 10A:71–3.11(b) (2003). Indeed, we cannot imagine making such a decision without considering institutional behavior.